## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| JAMES W. HENSLEY | ) | Chapter: 7 |
| | ) | |
| | ) | BANKRUPTCY NO. 16-30159 |
| | ) | |
| | ) | Hon. Deborah L. Thorne |
| | ) | |
| | ) | Adversary Proceeding No. 17-00254 |

### NOTICE OF AMENDED MOTION

TO:   David M. Poell, Esq.
      Sheppard, Mullin, Richter & Hampton, LLC
      Three First National Plaza
      70 West Madison Street, 48th Floor
      Chicago, Illinois 60602

**PLEASE TAKE NOTICE** that on February 13, 2018, at 10:00 a.m., or as soon thereafter as counsel may be heard, I shall appear before the Honorable Deborah L. Thorne, or any judge sitting in her stead, in the courtroom usually occupied by her in Courtroom 613, of the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois, and then and there present the attached **DEBTOR JAMES HENSLEY'S AMENDED MOTION TO COMPEL RESPONSES TO DISCOVERY**.

| | | | |
|---|---|---|---|
| Name: | Leon Zelechowski, Ltd. | Attorney for: | Plaintiff |
| Address: | 111 W. Washington, Suite 1110 | City: | Chicago, IL 60602 |
| Telephone: | (312) 609-0022 | Atty. No.: | 3106039 |

### PROOF OF SERVICE

I, Matthew C. Douglas, an attorney, certify that I served this Notice of Motion and the attached Motion by mailing copies to the above-listed person(s) on this 7th day of February, 2018, before 5:00 p.m.

_____
Matthew C. Douglas

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| JAMES W. HENSLEY | ) | Chapter: 7 |
| | ) | |
| | ) | BANKRUPTCY NO. 16-30159 |
| | ) | |
| | ) | Hon. Deborah L. Thorne |
| | ) | |
| | ) | Adversary Proceeding No. 17-00254 |

**DEBTOR JAMES HENSLEY'S AMENDED
MOTION TO COMPEL RESPONSES TO DISCOVERY**

NOW COMES debtor JAMES W. HENSLEY ("debtor"), by and through his attorneys, Leon Zelechowski, Ltd., and for his Motion to Compel Responses to Discovery pursuant to Federal Rule of Civil Procedure 37, states as follows:

**INTRODUCTION**

Debtor's motion to compel should be granted. Claimant CORE CAPITAL PARTNERS II, LP's ("Core" or "claimant") filed its Adversary Complaint in April of 2017, but as of the date of this filing it has failed and refused to provide meaningful answers to interrogatories, or to produce a *single* document that supports its allegations of fraud against debtor. The documents that it has produced are irrelevant and do not support its claims. Accordingly, debtor remains unable to prepare any defense, and, in fact, has no idea what "evidence" claimant intends to rely on to prove its claims.

Debtor, in recognition of Rule 37(a)(1)'s requirements, has made more than one good-faith effort to confer with claimant and resolve these discovery issues short of filing the instant motion. Core has promised to produce documents on more than one occasion and has continually failed to do so. As such, debtor's motion should be granted, and Core should be compelled to

comply with its discovery obligations.

## FACUTAL BACKGROUND

1.      On April 28, 2017, claimant filed its Adversary Complaint against debtor, alleging that debtor knowingly made false, material misrepresentations about the financial condition of debtor's event management company in the course of Core's acquisition of the company. Specifically, Core made numerous unsupported allegations that debtor "falsely misstated" certain of the company's and/or its subsidiaries' receivables, "falsely omitted" certain liabilities, and provided a "materially false" report of the company's overall financial performance. Core also claimed that it relied on debtor's representations in assessing the value of the company prior to acquiring it.

2.      On July 6, 2017, debtor filed its answer to the Adversary Complaint, denying all material allegations therein. Further, debtor asserted that as CEO of the company acquired by Core, he did not personally compile or prepare any of the underlying financial information exchanged in the course of the transaction, and that to the extent any of the information was inaccurate, debtor did not cause any information to be disclosed with the intent to deceive. Debtor further highlighted that the company's insolvency had been expressly disclosed to Core, as well as the fact that an international accounting services firm, KPMG, performed a detailed audit of the company's assets and disclosed a written report to Core prior to the closing of the transaction.

3.      On October 4, 2017, debtor propounded its First Set of Interrogatories and First Set of Requests to Produce on Core, which are attached hereto as **Exhibits A and B**, respectively.[1]

---

[1] On September 15, 2017, debtor served its complete responses to Core's discovery requests, including all responsive documents in debtor's possession, custody, or control, and written responses to document

4. On November 10, 2017, after requesting an extension from debtor, Core served what it purports are Rule 26(a) disclosures[2], responses to debtor's First Set of Interrogatories, and responses to debtor's First Set of Requests to Produce, which are attached hereto as **Exhibits C, D, and E**, respectively.

5. The insufficiency of claimant's responses was immediately apparent. First, nearly all of Core's responses to interrogatories came in some formulation of the following canned language: "pursuant to Fed. R. Civ. P. 33(d), Core Capital refers Debtor to documents produced by Claimant that contain information relating to the Agreement and/or the acquisition of the Company." *See e.g.* Ex. D, Core's Verified Objections and Responses to Debtor's First Set of Interrogatories at ¶ 3. The answers to interrogatories did not reference any particular Bates labeled documents, nor did Core's responses to requests for documents.

6. Moreover, and despite relying on documents for its interrogatory answers, Core did not actually produce any documents on November 10. On November 20, 2017, counsel for debtor requested an update from Core's counsel on the status of its document production, to which counsel responded by email that it was "still in the process of gathering responsive documents" and would be producing them "on a rolling basis."

7. On December 5, 2017, counsel for debtor wrote to Core's counsel, noting Core's "failure to produce documents responsive to debtor's document requests, and also its evasive and incomplete answers to interrogatories." Counsel asserted that debtor would seek resolution in court if meaningful discovery responses were not served by December 11, 2017.

8. On December 11, 2017, Core finally produced a batch of documents, the first

---

requests containing specific references to responsive documents by Bates numbers.

[2] Counsel for debtor had previously raised the fact that Rule 26(a) disclosures by each party were still outstanding, and the parties agreed to exchange those disclosures by a date certain

since it filed this litigation eight months earlier. However, *not a single document produced relates to Core's acquisition of debtor's company*, let alone purports to prove that debtor made material, intentional misrepresentations to Core as required for liability to attach under 11 U.S.C. §523(a)(2)(B).

9. The bulk of Core's document production were transcripts of proceedings in the related case *Core VCT PLC et al. v. James Hensley*, Case No. 14-0074, previously pending in the United States District Court for the District of Columbia, relating to the location of debtor's domicile. Additionally, Core produced a complaint and other documents relating to its underlying U.K. judgment, and some tax returns and bank statements for an entity purportedly owned by debtor dated 2015 or later. As far as debtor can tell, none of the documents produced bear any relation to the allegations in Adversary Complaint.

10. Accordingly, on December 13, 2017, debtor's counsel again wrote counsel for claimant in an attempt to resolve persisting discovery issues without the need for court intervention. *See* Matthew Douglas letter dated December 13, 2017, attached hereto as **Exhibit F**. Therein, debtor lodged particular objections to Core's written discovery responses, requested clarification as to whether Core's document production was complete, and, if not, that it expected all responsive documents to be produced on or before December 27, 2017. *See id.*

11. The parties corresponded on January 5, 2018 and again on January 16, 2018 regarding Core's ongoing failure to supplement its discovery responses and document production. Core's counsel indicated that supplemental responses were forthcoming, and, based on those representations, debtor agreed to refrain from seeking court intervention.

12. On January 23, 2018, still having received nothing from Core, counsel for the parties conferred by phone. Counsel for Core again indicated that its document production was

forthcoming.

13. However, as of the date hereof, debtor has yet to receive any supplemental discovery responses from Core.

14. Moreover, the Court previously set an oral discovery cutoff date of February 15, 2018, but due to Core's failure to comply with its discovery obligations, debtor will not be able to intelligently depose any witness purported to have knowledge of the facts alleged in the Adversary Complaint, and, in fact, has no way of identifying which witnesses will be necessary to depose.

15. Debtor now brings this motion to compel.

## **ARGUMENT**

16. The instant motion to compel should be granted.

17. Federal Rule of Civil Procedure 26(a)(1)(A)(ii) provides that:

> Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties . . . (ii) a copy— or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.

18. Rule 37(a)(3)(A) provides that "[i]f a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions."

19. Similarly, Rule 37(a)(3)(B) provides in relevant part that:

> A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if . . . (iii) a party fails to answer an interrogatory submitted under Rule 33; or (iv) a party fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34.

5

20. Rule 37(a)(4) provides that "[f]or purposes of this subdivision (a), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."

21. A motion to compel under Rule 37 "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). "Courts have broad discretion in determining whether the moving party has satisfied the meet-and-confer component of Rule 37(a)(1))," and "[i]n making this determination, the court will consider the totality of the circumstances." *Marshall v. GE Marshall, Inc.*, 2012 WL 5831195, at 4 (N.D. Ind. 2012). "One correspondence can meet this requirement when it is detailed and continued contact likely would not have been successful in resolving the discovery dispute."

22. In the instant case, despite debtor's numerous good-faith attempts to confer with claimant regarding the discovery issues discussed above, Core has failed and refused to comply with its obligations under the discovery rules.

23. Core is a sophisticated, international business operation and has claimed fraud against debtor, an individual, in connection with the acquisition of debtor's company in and around 2009. Its Adversary Complaint is filled with specific allegations of purported misrepresentations made by debtor about the financial condition of his company and/or its subsidiaries, and yet nine months into the litigation it has not produced a single document that supports—or is even *related* to—its claims.

24. Similarly, Core's responses to interrogatories do not contain one bit of substance and instead make vague, unspecific reference to documents that it did not produce until a month after it served its answers to interrogatories, and which, as far as debtor can tell, are not

6

responsive to any of its interrogatories.

25. As required by Rule 37(a)(1), debtor has made good-faith efforts to confer with Core, and has made specific requests for clarity on these issues and whether and when it can expect more documents to be produced. These requests have been consistently ignored, and continued attempts are unlikely to yield different results.

26. As such, debtor respectfully requests that this Court grant its motion to compel.

WHEREFORE, debtor JAMES W. HENSLEY prays that this Court grant its motion to compel and enter an order requiring claimant CORE CAPITAL PARTNERS II, LP to: (1) produce all documents in its possession, custody, or control responsive to debtor's discovery requests within seven (7) days; (2) produce all documents required by 26(a)(1)(A)(ii) within seven (7) days; (3) provide supplemental responses to debtor's First Set of Interrogatories within seven (7) days; (4) extend oral discovery by at least sixty (60) additional days; and (5) grant other such further relief that this Court deems just and proper.

**JAMES W. HENSLEY**

By: _____
Matthew C. Douglas, Esq.
LEON ZELECHOWSKI, LTD.
111 W. Washington Street Suite 1051
Chicago, Illinois 60602
312-609-0022
ARDC No. 3106039
lzelechowski@zelechowskiltd.com